THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT, v. L. EDWARD HERRMANN, RESPONDENT.

Submitted July 10, 1916—Decided November 20, 1916.

The provision of the General Railroad law requiring that the secretary to the governor be carried free of charge is unconstitutional as to railroads operating under special charters previously granted and containing no such provision.

---

On appeal from the Supreme Court, whose opinion is reported in 88 *N. J. L.* 526.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *L. Edward Herrmann, pro se,* and *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

GARRISON, J. The facts are stated in the opinion delivered in the court below and need not be repeated in detail. It suffices to say that the respondent was secretary to the governor, an office created by statute; that such office was not within the provision for free transportation of the charter of any of the appellant's constituent companies, but was within the provision of an amendment to the General Railroad law passed in 1907; and that the respondent held a certificate issued to him by the secretary of state in conformity to the amendment of 1914, which he tendered to the ticket collector of the appellant as entitling him to ride free of charge, which claim was denied by the conductor-collector and a fare demanded, which the respondent refused to pay, after which he was carried to his destination.

The main question is whether or not the certificate thus tendered lawfully entitled the respondent to ride without payment of a fare, and this in turn depends upon the constitutionality of the statute by the terms of which the appellant was required to carry the secretary of the governor free of charge.

In its legal aspects the case thus presented is identical with that of Hoagland passed upon by the Supreme Court in *Delaware, Lackawanna and Western Railroad Co.* v. *Public Utilities Board,* 85 *N. J. L.* 28. Hoagland was a member of the New Jersey state water-supply commission, the members of which were by a similar amendment to the General Railroad law required to be carried free of charge. The question was the constitutionality of this requirement. The Supreme Court held that inasmuch as the office in question was not within the charter contract of the railroad company the requirement of a later statute for the free carriage of the official in question was a taking of the property of the stockholders of the

railroad company without compensation or due process of law, which was not justified as a valid exercise either of the police power or of the reserved rights of the legislature.

In this conclusion we concur and think that in the present case upon the same grounds the similar statutory requirement as to the free carriage of the secretary to the governor is likewise unconstitutional.

The court below reached a different conclusion, because it thought that the case of the secretary to the governor was distinguishable from that of a member of the state water-supply commission, in that "the good-will of such an official (secretary to the governor) might well be deemed advantageous to the railroads and his ill-will something to be deprecated," and this was deemed to bring the secretary to the governor within an exercise of the police power which the Supreme Court in the case cited had held could not be invoked to justify similar legislation as to a member of the state water-supply commission. If such characteristics of the office of secretary to the governor do not serve to distinguish that office from that of a member of the water-supply commission for the imposition of the police power, and if they afford no basis whatsoever for the exercise of that power, it is unnecessary to consider whether there might be other characteristics, not possessed by the respondent, that would justify such legislation or to decide whether under any circumstances such an exercise of the police power could be supported. In either event it would not concern the respondent how the questions thus mooted were decided, while, on the contrary, their decision in the present case would foreclose either the railroads or the large class of state officials affected by such decision, who have not had their day in court.

The first question therefore that we are called upon to determine in deciding the case before us is whether the characteristics of the office of the secretary to the governor bring such office within any valid exercise of the police power in respect to free transportation.

We think that this question must be answered in the negative, for the reason that the good-will or the ill-will of a per-

son is a matter that appertains to him purely as an individual and cannot in any sense be regarded as a characteristic of his office. It goes, therefore, without saying that a valid exercise of the police power could not be rested upon so unsubstantial a basis as the personal good-will or ill-will of the incumbent of a particular public office, the conduct of which must be presumed to be dictated by its incumbent's sense of public duty, and not by the degree of success with which his good-will has been secured or his ill-will averted.

This determination disposes of the present case without reference to the more fundamental question upon which the court below based its judgment.

It may be well, however, to point out that the language of the case cited upon which the court below based its judgment, occurred not in the decision of that case, but in a discussion of the early history of the legislation under review for the purpose of showing that the legal theory advanced to support it had no application to the case then *sub judice*. Views stated in this connection were necessarily *dicta* as to the soundness of which, for the reasons already stated, we express no opinion.

Upon the question whether in the present case there was an implied promise on the part of the respondent to pay a fare, if the certificate he tendered had not the validity that he supposed it had, we think that then such a promise was implied. The alternative view, viz., that the respondent designed to secure the service he demanded without making any payment therefor, if it turned out that he was wrong in supposing that the certificate he tendered entitled him to free carriage, is entirely untenable. Every legitimate presumption requires such an implied promise and no legal difficulty stands in its way. The action was therefore properly brought against the respondent.

Our conclusion on the main question is that the amendment to the General Railroad law requiring the secretary to the governor to be carried free of charge is unconstitutional, and that the judgment of the Supreme Court be reversed, to the end that the judgment of the First District Court of Jersey

City be reversed and judgment final for the appellant entered for the amount shown by the stipulation to be due.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.    12.